UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Maricel Ortiz,
and other similarly situated individuals,

 Plaintiff (s),

v.

Optimum Point of Care
Physicians Group, L.L.C.,
Lloyd Leiva, and Nilsa Leiva, individually

 Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

 COMES NOW the Plaintiff Maricel Ortiz and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Optimum Point of Care Physicians Group, LLC, Lloyd Leiva, and Nilsa Leiva, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Maricel Ortiz is a resident of Manatee County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Optimum Point of Care Physicians Group, LLC (from now on, Optimum Point of Care, or Defendant) is a Florida Profit Corporation having a place of business in Bradenton, Manatee County, Florida. Defendant is engaged in interstate commerce.

4. The individual Defendants Lloyd Leiva, and Nilsa Leiva, were and are now the owners/partners and operators of Optimum Point of Care. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Manatee County, Florida, within this Court's jurisdiction.

## Allegations Common to All Counts

6. This cause of action is brought by Plaintiff Maricel Ortiz as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former

employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after September 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant Optimum Point of Care is a private health care clinic providing primary care to the community in Bradenton, Florida. The Defendants' facility is located at 3904 Cortez Road West, Bradenton, FL 34210.

8. The employer, Optimum Point of Care, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a healthcare organization working in connection with the activities of a public agency. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Therefore, there is individual coverage.

10. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva employed Plaintiff Maricel Ortiz as a medical assistant from approximately September 01, 2020, through April 19, 2022, or 83 weeks.

11. Plaintiff was a non-exempted, full-time hourly employee. Plaintiff had a wage rate of $18.00 an hour. Thus, Plaintiff's overtime rate should be $27.00 an hour.

12. Plaintiff had duties preparing medical records, taking patient vital signs, applying vaccines, and getting patients ready for medical evaluation.

13. During her employment with Defendants, Plaintiff worked five days from Monday to Friday, from 7:30 AM to 6:00 PM (10.5 hours daily), or 52.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

14. Plaintiff worked consistently and regularly more than 40 hours weekly, but she was paid for only 50 regular hours at a straight time. Plaintiff was not paid for overtime hours.

15. Furthermore, Defendants deducted from Plaintiff's wages 2.5 hours as lunchtime (30 minutes daily x 5 days=2.5 hours). However, Plaintiff was unable to take bonafide lunch hours. These 2.5 hours of wrongfully deducted lunchtime constitute 2.5 unpaid overtime hours.

16. Plaintiff clocked in and out, and Defendants could keep track of Plaintiff's working hours. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

18. Plaintiff was paid bi-weekly by direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff. Defendants refused to provide Plaintiff with pay stubs.

19. On or about April 19, 2022, Plaintiff left her position to pursue better employment opportunities. At the time of her resignation, Defendants did not pay Plaintiff her last week of work.

20. At times mentioned, individual Defendants Lloyd Leiva and Nilsa Leiva were, and are now, the owners/directors and managers of Defendant Corporation Optimum Point of Care. Individual Defendants Lloyd Leiva and Nilsa Leiva had absolute financial and operational control of Optimum Point of Care. Individual Defendants Lloyd Leiva and Nilsa Leiva were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of Optimum Point of Care concerning its employees, including Plaintiff and others similarly situated, and they are jointly and severally liable for Plaintiff's damages.

21. Plaintiff Maricel Ortiz seeks to recover accumulated unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

24. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

25. Plaintiff Maricel Ortiz re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Plaintiff Maricel Ortiz, and those similarly situated, bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva employed Plaintiff Maricel Ortiz as a medical assistant from approximately September 01, 2020, through April 19, 2022, or 83 weeks.

28. Plaintiff was a non-exempted, full-time hourly employee. Plaintiff had a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

29. During her employment with Defendants, Plaintiff worked five days from Monday to Friday, a total of 52.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

30. Plaintiff worked more than 40 hours weekly consistently, but she was paid for only 50 regular hours at her regular rate. Plaintiff was not paid for overtime hours, as required by law.

31. Furthermore, Defendants deducted from Plaintiff's wages 2.5 hours as lunchtime (30 minutes daily x 5 days=2.5 hours). However, Plaintiff was unable to take bonafide lunch hours. These 2.5 hours of wrongfully deducted lunchtime constitute 2.5 unpaid overtime hours.

32. Plaintiff clocked in and out, and Defendants could keep track of Plaintiff's working hours. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid bi-weekly by direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff. Defendants refused to provide Plaintiff

35. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

36. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Plaintiff is not in possession of time and payment records, and she is providing this preliminary good-faith estimate of the unpaid overtime based on her best recollections. Plaintiff will amend her calculations after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirteen Thousand Seventy-Two Dollars and 50/100 ($13,072.50)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 83 weeks
       Relevant number of weeks: 83 weeks
       Regular rate: $18.00 x 1.5= $27.00 O/T rate
       O/T rate: $27.00 an O/T hour

   **1.- Overtime for 10 hours paid at regular rate**

   Total number of relevant weeks: 83 weeks
   Total hours worked: 52.5 hours weekly average
   Total hours paid: 50 hours paid at the regular rate
   Total O/T hours paid: 10 hours paid at the regular rate
   O/T rate $27.00-$18.00 rate paid=$9.00 half-time difference

   Half-time O/T $9.00 x 10 hours=$90.00 weekly x 83 weeks= $7,470.00

   **2.- Overtime for 2.5 hours weekly (lunchtime hours)**

   O/T rate $27.00 x 2.5 hours=$67.50 weekly x 83 weeks= $5,602.50

   Total #1 and #2: $13,072.50

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva, willfully and intentionally refused to pay Plaintiff Maricel Ortiz overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Maricel Ortiz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Maricel Ortiz and other similarly situated and against the Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Maricel Ortiz an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Maricel Ortiz reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Maricel Ortiz and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff Maricel Ortiz re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

44. This action is brought by Plaintiff Maricel Ortiz and those similarly situated to recover from the Employers Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. Defendant Optimum Point of Care was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

46. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

48. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva employed Plaintiff Maricel Ortiz as a medical assistant from approximately September 01, 2020, through April 19, 2022, or 83 weeks.

49. Plaintiff was a non-exempted, full-time hourly employee. Plaintiff had a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

50. During her employment with Defendants, Plaintiff worked five days from Monday to Friday, a total of 52.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

51. Plaintiff worked more than 40 hours weekly consistently, but she was paid for only 50 regular hours at her regular rate. Plaintiff was not paid for overtime hours, as required by law.

52. Plaintiff clocked in and out, and Defendants could keep track of Plaintiff's working hours. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

53. On or about April 19, 2022, Plaintiff left her position to pursue better employment opportunities. At the time of her resignation, Defendants did not pay Plaintiff her last week of work.

54. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law

55. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

56. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

57. The records, if any, concerning the number of hours worked by Plaintiff Maricel Ortiz and all other similarly situated employees and the compensation paid to such employees should be in the possession and

custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Four Hundred Dollars and 00/100 ($400.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 83 weeks
Relevant weeks of employment: 1 week
Total number of hours worked:  40 hours
Total number of unpaid hours: 40 hours
Florida Min. wage rate 2022: $10.00

$10.00 x 40 hours= $400.00

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida min. wage rate

59. Defendants Point of Care, Lloyd Leiva, and Nilsa Leiva willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remain owing her back wages. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of unpaid minimum wages as required by the Fair Labor Standards Act. Defendants knew about Plaintiff's work schedule and the number of hours worked.

60. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation and an amount equal to the unpaid minimum wages as liquidated damages.

61. Defendants Point of Care, Lloyd Leiva, and Nilsa Leiva intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

62. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Maricel Ortiz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Maricel Ortiz and against the Defendants Point of Care, Lloyd Leiva, and Nilsa Leiva based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Maricel Ortiz and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

DATED:  November 28, 2022              Respectfully Submitted,

                                       By:  /s/ Zandro E. Palma
                                       ZANDRO E. PALMA, P.A.
                                       Florida Bar No.: 0024031
                                       9100 S. Dadeland Blvd.

        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*